UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABRAHAM ELSHEICK,

       Plaintiff,                       Case No. 12-cv-14565
                                          HON. BERNARD A. FRIEDMAN

vs.

PNC FINANCIAL f/k/a
NATIONAL CITY BANK, et al.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT**

**I.    Introduction and Facts**

Abraham Elsheick ("plaintiff") commenced this diversity action against PNC Bank, National Association ("PNC") and Select Portfolio Servicing, Inc. ("SPS") (collectively "defendants") seeking to invalidate the foreclosure sale of the property at issue in this case and quiet title. Plaintiff alleged that PNC improperly purchased the property after a defective foreclosure sale by advertisement. Plaintiff also asserted claims for fraud and misrepresentation. Before the Court is defendants' motion to dismiss the complaint [docket entry 10]. Plaintiff filed a response [docket entry 12] and defendants filed a reply [docket entry 13]. The Court will rule on defendants' motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2).

On January 9, 2006, plaintiff executed a mortgage loan with First Franklin, a division of National City Bank ("NCB"), in the amount of $262,400. Def. Exh. A at 1. The mortgage was secured by plaintiff's property located at 27130 Doxator Street in Dearborn, Michigan. The

-1-

mortgage appointed MERS as mortgagee "acting solely as a nominee for [First Franklin] and [First Franklin's] successors and assigns" and conveyed the power of sale to both MERS and its "successors and assigns." Id. at 1, 3. Thereafter, MERS assigned its interest in the mortgage to NCB. Def. Exh. B. The assignment was recorded in the Wayne County Register of Deeds on November 26, 2008. Id.

Approximately two years later, plaintiff experienced difficulties meeting his payment obligations under the loan. First Franklin offered him a repayment plan and memorialized the terms of the plan in two letters addressed to plaintiff, dated July 26, 2010 (hereinafter the "forbearance agreements"). Def. Exh. C. It is undisputed that plaintiff eventually defaulted on these repayments as well, whereupon PNC, as successor by merger to NCB, instituted a foreclosure by advertisement proceeding. On March 22, 2012, PNC purchased plaintiff's property at a sheriff's sale in the amount of $305,42.05 and received a Sheriff's Deed on Mortgage Sale. Def. Exh. D. Although plaintiff had six months from the date of the sheriff's sale to redeem the property under Mich. Comp. Laws § 600.3240(8), he ultimately declined to do so. Plaintiff instead commenced the instant action in Wayne County Circuit Court on September 21, 2012, the day before the statutory redemption period expired. Compl. Exh. A.

In their motion to dismiss, defendants argue that plaintiff lacks standing to challenge the validity of the sheriff's sale because he failed to redeem the property within the statutory redemption period pursuant to Mich. Comp. Laws § 600.3240(8). Regardless of plaintiff's standing to bring suit, defendants maintain that the complaint does not contain allegations of "fraud or irregularity" sufficient to annul the foreclosure sale. Defendants further assert that plaintiff's claims are barred by the doctrine of laches because he waited almost six months after

the sheriff's sale to bring suit.  Insofar as plaintiff alleges that defendants purposely misled him to believe they were offering him a loan modification when they, in fact, offered him a loan forbearance, defendants assert that this allegation is barred by Michigan's statute of frauds. Finally, defendants urge the Court to dismiss the quiet title action because the complaint fails to establish plaintiff's superior interest in the property.

In response, plaintiff contends that he has standing to challenge the foreclosure sale because he continued to reside at the property after the statutory redemption period expired. Plaintiff alleges that defendants fraudulently misled him to believe that the forbearance agreements constituted a form of loan modification.  Plaintiff also maintains that his claims are not barred by the doctrine of laches because he timely commenced the instant action before the expiration of the statutory redemption period.  Since plaintiff avers that the subject property is his principal residence, he asserts that defendants violated Mich. Comp. Laws § 600.3205a when they neglected to send him loan modification notices in advance of the sheriff's sale. Furthermore, plaintiff argues that defendants' reliance on the statute of frauds is misplaced and that he has stated a sufficient claim to quiet title.

## II.     Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of [her] claims that would entitle [her] to relief." Shane v. Bunzl Distrib. USA, Inc., 200 F. App'x 397, 401 (6th Cir. 2006) *citing* Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001).  A sufficient pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009). Instead, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) *quoting* Iqbal, 556 U.S. at 678. When evaluating the adequacy of the allegations contained in a complaint, the Court may consider "(1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies." Meyer v. CitiMortgage, Inc., No. 11-13432, 2012 U.S. Dist. LEXIS 19548, at *6-7 (E.D. Mich. Feb. 16, 2012) *citing* Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The Court reviewed several documents pertaining to the mortgage and the foreclosure sale. All of them " are referenced in the complaint and central to plaintiff's claims." Meyer, 2012 U.S. Dist. LEXIS 19548, at *7.

**III.     Analysis**

    **A.     Standing**

Plaintiff lacks standing to challenge the validity of the sheriff's sale because he failed to redeem the property within the six-month statutory redemption period pursuant to Mich. Comp. Laws § 600.3240(8). Under Michigan law, "foreclosure sales by advertisement are defined and regulated by statute." Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 50 (1993); see Mich. Comp. Laws § 600.3201. Statutory authority also governs "the rights and obligations of the parties" after a foreclosure sale takes place. Dingman v. OneWest Bank, FSB, No. 11-15706, 2012 U.S. Dist. LEXIS 34668, at *9 (E.D. Mich. Mar. 14, 2012); see Mich. Comp. Laws §§ 600.3201-3285. Mortgagors may redeem the affected property within a certain period of time

following the foreclosure sale. Mich. Comp. Laws § 600.3240(1). In this case, the parties agree that the redemption period for plaintiff's home was six months. Mich. Comp. Laws § 600.3240(8).

Once the redemption period expires, "the purchaser of a sheriff's deed is vested with 'all the right, title, and interest' in the property," Dingman, 2012 LEXIS 34668, at *10 *quoting* Mich. Comp. Laws § 600.3236; see Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942), and the mortgagor loses all standing to challenge the foreclosure sale. See Awad v. General Motors Acceptance Corp., No. 302692, 2012 Mich. App. LEXIS 804, at *12 (Mich. Ct. App. Apr. 24, 2012); Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 Mich. App. LEXIS 1209, at * 1, 3-4 (Mich. Ct. App. May 28, 2009); Mission of Love v. Evangelist Hutchinson Ministries, No. 266219, 2007 Mich. App. LEXIS 988, at *14 (Mich. Ct. App. Apr. 12, 2007).

Plaintiff does not dispute that he failed to redeem the property within the statutory redemption period. Rather, he asserts that he preserved his right to challenge the sheriff's sale because he continued to reside at the subject property after the statutory redemption period expired. Plaintiff's contention is unavailing, however, because his ownership interest in the property terminated at the conclusion of the sheriff's sale. Nor is there any legal significance to the fact that plaintiff continued to reside at the property after the redemption period expired. At most, plaintiff's possession of the property after the conclusion of the sheriff's sale merely constituted an illegal holdover tenancy. See Muneio v. Federal National Mortgage Association, No. 09-12973, 2011 U.S. Dist. LEXIS 40116, at *11 (E.D. Mich. Apr. 13, 2011).

Moreover, to the extent plaintiff seeks to annul the foreclosure sale on the grounds of

fraud, irregularity "or some peculiar exigency," his argument is without merit. See United States v. Garno, 974 F. Supp. 628, 633 (E.D. Mich. 1997) *citing* Detroit Trust Co. v. Agozzinio, 280 Mich. 402, 405-406 (1937). The sum of plaintiff's claim is that defendants violated Mich. Comp. Laws § 600.3205a when they failed to provide him with a written notice informing him of his legal rights and loan modification opportunities. Additionally, plaintiff alleges that defendants "failed and/or refused to offer [him] a loan modification" pursuant to Mich. Comp. Laws § 600.3205c. Compl. at ¶ 37.

Assuming, plaintiff qualifies for the protections afforded by sections 600.3205a and 600.3205c, the Court does not possess the authority to void the foreclosure sale on account of defendants' purported conduct. See Clark v. Bank of Am., N.A., No. 12-13034, 2013 U.S. Dist. LEXIS 85135, at *18-19 (E.D. Mich. Jun. 18, 2013); Even v. BAC Home Loan Servicing LP, No. 12-12066, 2012 U.S. Dist. LEXIS 149556, at *6 (E.D. Mich. Oct. 15, 2012). The Michigan foreclosure by advertisement statute solely affords plaintiff the opportunity to commence an action to "convert" the pending foreclosure by advertisement to a judicial foreclosure so long as the sheriff's sale has not already been completed. See Mich. Comp. Laws § 600.3205c(8); Clark, 2013 U.S. Dist. LEXIS 85135, at *18-19. As plaintiff declined to timely pursue this course of action by filing suit in the Wayne County Circuit Court, he is left without recourse to any other remedies. Consequently, plaintiff does not possess the requisite standing to challenge the foreclosure sale.

**B.     Fraud**

Plaintiff's assertion that defendants fraudulently induced him to sign two forbearance agreements under the pretense of a loan modification is equally without merit. The elements of

-6-

fraud require a showing that:

> "1) the defendant made a material representation; 2) the representation was false; 3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; 4) the defendant made the representation with the intention that the plaintiff would act upon it; 5) the plaintiff acted in reliance upon it; and 6) the plaintiff suffered damage."

Barter v. U.S. Bank, N.A., No. 10-11476, 2011 U.S. Dist. LEXIS 3780, at *9 (E.D. Mich. Jan 13, 2011) *citing* Hi-Way Motor Co. v. Int'l Harvester Co., 398 Mich. 330, 336 (1976).

Upon reviewing the language of the forbearance agreements in a light most favorable to the plaintiff, it is inconceivable that defendants somehow misled plaintiff to believe they were offering him a loan modification. First, the phrase "loan modification" does not appear anywhere in the forbearance agreements. Instead, the agreements reference a "repayment plan" and contain a detailed repayment schedule. Second, the agreements specifically provide that "[y]ou agree that if you do not remit payments in accordance with the plan, this agreement will be immediately null and void without further notice of demand on our part. Any foreclosure action we may have previously initiated will resume." Def. Exh. C at 2, 4. Plaintiff does not dispute that he signed the agreements, that he failed to adhere to the repayment schedule and that "as a result of. . . becoming delinquent the defendants initiated foreclosure by advertisement proceedings against the plaintiff on February 22, 2012." Compl. at ¶¶ 15-16. In sum, plaintiff received exactly what he bargained for and cannot demonstrate "that defendant misled him to any extent, let alone to a degree constituting fraud or irregularity." Colston v. Wells Fargo Bank, N.A., No. 10-13278, 2012 U.S. Dist. LEXIS 55778, at *11 (E.D. Mich. Apr. 20, 2012).

**C.     Quiet Title**

The Court must also dismiss plaintiff's quiet title claim. "A party seeking to establish

clear title has the burden of proof in a quiet title action and must make out a prima facie case that they have title to the disputed land." Pettey v. CitiMortgage, Inc., No. 11-13779, 2012 U.S. Dist. LEXIS 117932, at *28 (E.D. Mich. Aug. 21, 2012); see Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet County Road Comm'n, 236 Mich. App. 546, 550 (1999).  Since these elements presuppose that plaintiff possesses the ability to establish title, and the Court has already noted that, "plaintiff's rights in and title to the property were extinguished" when the statutory redemption period expired, Howard v. Chase Home Finance, LLC, No. 11-10897, 2012 U.S. Dist. LEXIS 108285, at *11 (E.D. Mich. Aug. 2, 2012) *quoting*  Piotrowski, 302 Mich. at 187, the quiet title claim cannot proceed further.

      Accordingly,

IT IS ORDERED that defendants' motion to dismiss the complaint is granted.


Dated: August 2, 2013                    s/ Bernard A. Friedman_____
      Detroit, Michigan              BERNARD A. FRIEDMAN
                                          SENIOR UNITED STATES DISTRICT JUDGE